Jackson Appeal.

Argued April 18, 1960. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Clarence C. Newcomer*, for taxpayer.

*James P. Coho*, with him *Austin E. McCollough*, Assistant City Solicitor, for City.

438

OPINION BY MR. JUSTICE COHEN, June 29, 1960:

In 1957 the City of Lancaster assessed for tax purposes all property within the boundaries of the city as required by the Third Class City Code, Act of June 23, 1931, P. L. 932, art. XXV, §2504, as amended, 53 PS §37504. The year 1957 was what is known in assessment parlance as a "triennial year," the duty to assess being required by the above Act every third year.

Early in 1958, appellant William B. Jackson purchased for $62,500 certain property in the City of Lancaster which had been assessed during the 1957 assessment at a valuation of $95,000. The 1957 assessment had been made by the city assessor and formed the basis for city taxation for the year 1958.

It appears from the record and oral argument that appellant Jackson, after purchasing the property, requested the city to reassess it. The city assessor did so but made no change in the valuation from that established by the triennial assessment of 1957. In fact, he testified that his 1958 assessment was based upon the triennial assessment.

When Jackson received notification from the city that no change had been made in his assessment, he appealed to the Board of Revision of Taxes and Appeals of the City of Lancaster. The board, after hearing the appeal, determined that the assessment should not be changed. Jackson then appealed to the Court of Common Pleas of Lancaster County which ordered that the valuation of the property be reduced to $85,000. Both parties have appealed from that order.

Under the Third Class City Code a city assessor must assess all property within the city every third year. §2504, 53 PS §37504. In interim years his duties in this respect are limited by the Code to certain enumerated matters, §2506, 53 PS §37506, only one of which could conceivably justify the assessor's 1958 re-

assessment in this case. Subsection (a) of §2506 states that the assessor shall: "(a) Assess any property which has been omitted, and correct any errors of law, fact or judgment which may have been made in making the triennial assessment. . . ."

Obviously, the subject property was not omitted from the assessment. Moreover, it is clear to us that the remainder of this subsection relates to matters of law, fact or judgment which affect the entire triennial assessment, and not those which affect only an individual property. To interpret this subsection otherwise would transform the program of triennial assessments and appeals with regard to each and every property, which is clearly contemplated by the Code, into a program of annual assessments and appeals.

In the first instance, therefore, Jackson had no right to seek a reassessment of his property and, accordingly, no legal right to appeal can be based upon the fact that the assessor, after a fashion, "reassessed" the property and sent Jackson a notice that no change had been made.

Another reason leads to a similar conclusion. The right to appeal from an assessment arises only after a notice of assessment is served, mailed or posted. The procedure is set forth in §2518 of the Code, 53 PS §37518. This section requires a notice of assessment to be given only in certain instances: (1) when property is newly assessed—which means (a) all property in a triennial year or (b) property not previously assessed when later assessed in any year; (2) when a previous assessment is increased; and (3) when a previous assessment is decreased. Thus, the sending of a notice of assessment in a non-triennial year with regard to a change in assessment, even assuming that the making of such an assessment was proper, is not authorized previously assessed property which does not undergo

by the statute and can only be regarded as a meaningless act which cannot form the basis for an appeal.

In light of these considerations the present case is easily decided. Jackson's property was assessed in 1957, a triennial year. No appeal was taken from that assessment. No legal reason was given which would have authorized the assessor in making a reassessment in 1958, and the fact that he did make some sort of reassessment is legally irrelevant. Likewise, the sending of a notice in 1958 that no change had been made as a result of the "reassessment" was improper and therefore imparted no right to appeal even if the "reassessment" was properly made.

The appeal of William B. Jackson is dismissed at appellant's cost. In the appeal of the City of Lancaster, the order of the Court of Common Pleas of Lancaster County reducing the assessment is vacated, and the petition of William B. Jackson is dismissed.

Mr. Justice BELL and Mr. Justice BENJAMIN R. JONES dissent.